2147

Betty ORTEGA, Appellant v. KINGFISHER HOMEOWNERS
ASSOCIATION, INC., Respondent.

(442 S.E. (2d) 202)

Court of Appeals

*Edmund H. Monteith,* Columbia, *for appellant.*

*M. Baron Stanton* and *Kevin T. Brown,* Columbia, *for respondent.*

Heard Jan. 12, 1994.

Decided Mar. 7, 1994.

*Per Curiam:*

This is an action for mandamus and injunctive relief. Betty Ortega sued the Kingfisher Homeowners Association chal-

lenging the validity of certain provisions of the Association's bylaws. As relief, she sought a writ of mandamus and an injunction. The Association defended, asserting the provisions were not violative of corporate law and that, by signing the indenture deed, Ortega had consented to their terms.[1] The circuit court dismissed Ortega's action on the ground that the two provisions questioned did not violate the statutory law of South Carolina. Ortega appeals. We affirm in part and reverse in part.

## I.

On appeal, Ortega argues that Section 2.9(a) of the bylaws, calling for a majority of the Association's Board of Administration to vote on behalf of unit owners, is violative of South Carolina corporate law. This section provides in pertinent part:

> A majority of the Board of Administration is hereby irrevocably appointed as agent and attorney-in-fact for the Unit Owners of all of the units or unit weeks and for each of them, to vote their interest at all meetings of the Council of Unit Owners, unless such Unit Owner is present or has filed a proxy as set forth in Section 2.10, below. Wherever the approval or disapproval of a Unit Owner is required by the Horizontal Property Act, the Master Deed, the Declaration of Interval Ownership, or these Bylaws, such approval or disapproval shall be made only by the person who would be entitled to cast the vote of such unit or unit week at any meeting of the Council of Unit Owners.

Pursuant to S.C. Code Ann. § 33-7-310 (1990), voting agreements are generally valid and enforceable. A shareholder may give an irrevocable proxy to vote her shares according to the agreement. S.C. Code Ann. § 33-7-220(d)(5) (1990). The only formal requirements of a voting agreement are that it be in writing and signed by the parties to it. S.C. Code Ann. § 33-7-310 (1990).

---

[1] When Ortega purchased the unit from the Kingfisher Horizontal Property Regime, she signed an Indenture Deed, which provided that the conveyance was "subject to all of the provisions of the aforesaid Master Deed, Bylaws, and Declaration of Interval Ownership."

Horizontal property regimes are administered by the by-laws incorporated into the master deed or lease. S.C. Code Ann. § 27-31-150 (1991). Each co-owner must comply with the bylaws and with the administrative rules and regulations set forth in the master deed. S.C. Code Ann. § 27-31-170 (1991). The circuit court found Ortega had consented to the voting agreement, as evidenced by her signature. We affirm.

## II.

Ortega also challenges the validity of Section 3.3(a) of the bylaws, which provides for a staggered board. Ortega argues this provision does not qualify for the special treatment allowed under S.C. Code Ann. § 33-8-106 (1990).

Although staggered boards are specifically allowed under section 33-8-106, the Association's bylaw provision calling for a staggered board does not meet the statutory requirements. Section 3.3(a) provides, in pertinent part:

> The initial Board of Administration shall consist of no less than three nor more than five persons, all of whom shall be designated by the Developer.

Section 33-8-106 specifically requires that there be nine or more directors in order to stagger their terms, thus allowing for at least three directors to be elected at each annual meeting. Under the Association's bylaws, however, the board of directors is limited to no more than five persons. The clear terms of section 33-8-106 are not satisfied. The Association may not, therefore, stagger the terms of its directors.

Additionally, Section 3.3(a) is internally inconsistent. Under this section, the Board of Administration consists of no less than three nor more than five persons. If at any time the board consists of only three members, compliance with the term of years for each member, as outlined under this provision, becomes impossible. Section 3.3(a) provides:

> The term of office of at least two of such persons shall expire at the third annual meeting; the term of office [of] at least two additional persons shall expire at the second annual meeting; and the term of any other persons shall expire at the first annual meeting. . . . At the expiration of the term of office of all members of the Board of Adminis-

tration designated by the Developer or elected at the special meeting held pursuant to Subsection 2.4(b), all successor administrators shall be elected to serve for a term of three years.

This provision requires that at least two members serve three-year terms, at least two serve two-year terms and all others serve only a year term. This is impossible when the board consists of only three members. This arrangement likewise fails to comply with section 33-8-106. Accordingly, we reverse the judgment of the circuit court on this issue.

Affirmed in part and reversed in part.